CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 22 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE EDWARD GROGANS, | ) |
| | ) |
| Petitioner, | ) Criminal Action No. 7:11cr21 |
| | ) |
| v. | ) <u>2255 MEMORANDUM OPINION</u> |
| | ) |
| UNITED STATES OF AMERICA, | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| | ) |
| Respondent. | ) |

Petitioner Steve Edward Grogans, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 motion, seeking to correct the 300-month sentence the court imposed following his guilty plea to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Grogans claims his counsel provided ineffective assistance by not objecting to the predicate offenses used to determine that he was an armed career criminal, by failing to convey a plea offer, and for various other reasons. The court rejects all of Grogans' claims, except one. Finding that an issue of fact exists regarding the conveyance of a plea offer, the court will appoint counsel for defendant and conduct an evidentiary hearing to resolve the matter.

I.

On March 17, 2011, a federal grand jury indicted Grogans in a one count indictment for possessing a firearm after having previously been convicted as a felon. On May 11, 2011, Grogans pled guilty. There was no plea agreement. Before accepting Grogans' plea, the court conducted a Rule 11 plea colloquy in which it advised Grogan of the nature of the charges and the effects of pleading guilty, including the potential sentence. (ECF No. 45 at 4-7) The court specifically apprised Grogans that if it determined that Grogans had three previous convictions for serious drug offenses and/or violent felonies, count one was subject to a fifteen year

mandatory minimum and a maximum of life, pursuant to 18 U.S.C. § 924(e). (Id. at 6-7) Grogans acknowledged that he understood, and the court found that Grogans' guilty plea was a knowing and voluntary plea and accepted it.

A presentence report was then prepared. According to that report, Grogans had at least seven previous felony convictions that qualified as predicate offenses for armed career criminal purposes (Breaking and Entering with the Intent to Commit Larceny on March 22, 1984; Breaking and Entering with the Intent to Commit Larceny on March 26, 1984; Breaking and Entering with the Intent to Commit Larceny on March 28, 1984; Statutory Burglary on March 28, 1984; Statutory Burglary on February 2, 1987; Statutory Burglary on February 11, 1987; Statutory Burglary on November 16, 1992).[1] Therefore, Grogans was an armed career criminal facing a mandatory minimum of 180 months and a guideline sentencing range of 180 to 210 months.

On August 5, 2011, the court conducted a sentencing hearing. Grogans did not object to the presentence report, and the court found that Grogans was an armed career criminal with a statutory sentencing range of 15 years to life and a guideline range of 180 to 210 months. (See ECF No. 46 at 4-5) (finding that the seven previous convictions listed above qualified as predicate offenses).[2] After hearing argument, the court then imposed a 300 month sentence, varying upward from the guideline sentencing range. The court explained that a variance was necessary to protect the public from Grogans' unrelenting criminal behavior, which included over 30 convictions and numerous probation violations. (Id. at 10-14)

Grogans appealed and argued that the court abused its discretion by imposing an

---

[1] The presentence report misidentified two previous convictions as predicate offenses (Three Counts of Petit Larceny on September 13, 1992 and Assault and Battery on December 7, 2001).
[2] The court did not include as predicate offenses the convictions for petit larceny and assault and battery.

2

unreasonable sentence outside the guideline range and that the court erred in sentencing him as an armed career criminal.[3] The Fourth Circuit rejected Grogans' arguments and affirmed this court's sentence. United States v. Grogans, 475 F. App'x 854, 855 (4th Cir. 2012) cert. denied, 133 S. Ct. 591 (2012). Grogans petitioned for writ of certiorari, which the Supreme Court denied.

II.

Grogans now argues that his counsel was ineffective by failing to object to the use of his previous state convictions as predicate offenses for armed career criminal purposes and by failing to convey a plea offer. The court addresses each argument in turn.

To establish a claim of ineffective assistance, a petitioner must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 669 (1984). A court's evaluation of deficient performance is "highly deferential." Strickland, 466 U.S. at 689. And courts apply a strong presumption that counsel's performance was within the "wide range" of reasonable professional assistance. Id.; see also Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). To overcome this presumption, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. That is, the representation must fall below an objective standard of reasonableness, amounting to "incompetence under 'prevailing professional norms.'" Premo v. Moore, 131 S. Ct. 733, 740 (2011) (quoting Strickland, 466 U.S. at 690). With respect to prejudice, a petitioner must show

---

[3] In essence, Grogans argued that it was plain error for the court to consider his previous state felony convictions because the information in the presentence report was unclear. (See ECF No. 51-1 at 9-10)

3

"'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Burr v. Lassiter, 513 Fed. Appx. 327, 340 (4th Cir. 2013) (citing Strickland, 466 U.S. at 694). The likelihood of a different outcome must be "substantial," not merely "conceivable." Harrington v. Richter, 131 S. Ct. 770, 787 (2011).

A.

Grogans first claims that his counsel provided ineffective assistance by failing to object to the use of his previous state convictions for armed career criminal purposes. But Grogans cannot show that counsel's failure to object to the calculation of his history was deficient or prejudicial.

A person who violates § 922(g)(1), possession of a firearm by a convicted felon, and has three previous convictions for "violent felonies" or "serious drug offenses" committed on different occasions is an armed career criminal subject to enhanced penalties under § 924(e). The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year if committed by an adult that "has an element the use, attempted use or threatened use of physical force against the person of another; or is burglary, arson, or extortion . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B) (West 2014).

As applied here, Grogans' counsel could have objected to two previous convictions misidentified as predicate offenses in the presentence report (petit larceny and assault and battery[4]). However, those convictions were not ultimately considered predicate offenses by the court. Instead, the court found that Grogans had seven other convictions that were violent felonies: three breaking and entering with the intent to commit larceny convictions and four

---

[4] These previous convictions were only misdemeanors.

4

statutory burglary convictions.

Grogans nevertheless claims that his counsel should have objected to four of these convictions.[5] Even assuming that Grogans could succeed on his arguments, which he cannot,[6] three valid predicate offenses would remain,[7] and Grogans would still be an armed career criminal subject to the enhanced penalty under § 924(e). Accordingly, Grogans cannot demonstrate that he was prejudiced by counsel's decision not to object to the classification of his previous state convictions, and the court will dismiss his claim.[8]

---

[5] Grogans also argues that his counsel should have objected to numerous other state convictions listed in the presentence report, but none of those convictions were considered predicate offenses by the court. (See ECF No. 46 at 4-5)

[6] Grogans claims that his March 26, 1984 and March 28, 1984 convictions for breaking and entering with the intent to commit larceny do not qualify because they may have been of the same residence. That is of no consequence. In order to qualify, they need only occur on different occasions. Grogans also claims that his February 2, 1987 and February 11, 1987 convictions for statutory burglary do not qualify because he broke into "buildings." But "[f]or a statutory burglary conviction to serve as a predicate offense under the ACCA, it must necessarily contain all the elements of 'generic burglary,' which requires 'an unlawful or unprivileged entry into, or remaining in, a ***building*** or other structure, with intent to commit a crime.'" United States v. Baxter, 677 F. Supp. 2d 918, 921 (W.D. Va. 2010) (quoting Taylor v. United States, 495 U.S. 575, 598 (1990)).

[7] The remaining predicate offenses would be the following convictions: breaking and entering with the intent to commit larceny on March 22, 1984; statutory burglary on March 28, 1984; and statutory burglary on November 16, 1992. In Virginia, statutory burglary does not necessarily include all of the elements of generic burglary. It may be either broader, narrower, or the same as generic burglary. Virginia Code §§ 18.2-90 and 18.2-91 set out alternative elements. Therefore, this court has found that the Virginia statutory burglary statutes are divisive, and the court may apply the "modified categorical approach" to categorize his previous convictions. See United States v. Baxter, 677 F. Supp. 2d 918, 922-23 (W.D. Va. 2010). Under the "modified categorical approach," the court may look to the indictment to determine which elements comprised the defendant's conviction. From a review of Grogans' indictments, it is clear that not only do his March 28, 1984 and November 16, 1992 convictions qualify but also his February 2, 1987 and February 11, 1987 statutory burglary convictions.

[8] The court also notes that Grogans does not dispute the underlying validity of his previous burglary convictions. See United States v. Pettiford, 612 F.3d 270 (4th Cir. 2010) (explaining that actual innocence of a sentence exception "applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

B.

Grogans next claims that his counsel provided ineffective assistance by failing to convey a plea offer that would have recommended that the judge impose a sentence within the applicable guideline range. Though the claim is somewhat suspect,[9] the court cannot say without hesitation that counsel conveyed the favorable offer and will therefore conduct an evidentiary hearing to resolve the matter.[10]

III.

For the foregoing reasons, the court will grant the government's motion to dismiss in part and deny it in part.

**ENTER**: April 22, 2014

UNITED STATES DISTRICT JUDGE

---

[9] There is evidence that Grogans was aware of the existence of a plea agreement before pleading guilty. (See ECF No. 45 at 2)
> THE COURT: Do I understand that Mr. Grogans intends to enter a plea of guilty pursuant to a written plea agreement that he has signed?
> MS. BLACK: No, Your Honor.
> THE COURT: It's not pursuant to a written plea agreement?
> MS. BLACK: Correct.
> THE COURT: All right. So the plea agreement that I was supplied at some earlier stage was never formalized by the parties, I take it?
> MS. BLACK: That is correct, Your Honor.

[10] As for Grogans' other claims, Grogans claims his counsel was ineffective for failing to object to the lack of notice of an upward variance, but Grogans was not entitled to such notice. Irizarry v. United States, 553 U.S. 708, 714-16 (2008). Nor does a lack of notice violate his constitutional right to due process. Id. at 714. Grogans also challenges that the sentence the court imposed was procedurally and substantively unreasonable. However, these arguments have already been raised and decided on direct appeal. United States v. Grogans, 475 Fed. App'x. 854 (4th Cir. 2012) (finding that variance was not an abuse of discretion in light of "Grogans' extraordinary criminal history . . . likelihood of recidivism, and the need to protect the public"). Issues fully considered on direct appeal may not be recast under the guise of a collateral attack by way of a motion to vacate or correct a sentence. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).