CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 22 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE EDWARD GROGANS, | ) |
| | ) |
| Petitioner, | ) Criminal Action No. 7:11cr21 |
| | ) |
| v. | ) **2255 MEMORANDUM OPINION** |
| | ) |
| UNITED STATES OF AMERICA, | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| | ) |
| Respondent. | ) |

Petitioner Steve Edward Grogans filed this 28 U.S.C. § 2255 motion, seeking to vacate the 300-month sentence the court imposed following his guilty plea to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In a previous opinion and order, the court rejected all of Grogans' claims except one ineffective assistance claim as to whether Grogans' counsel failed to convey a plea offer. Grogans v. United States, No. 11-21 (W.D. Va. April 22, 2014). Having held an evidentiary hearing to resolve the matter, the court finds Grogans' counsel did in fact convey the plea offer and will deny Grogans' motion.

I.

On March 17, 2011, a federal grand jury indicted Grogans in a one count indictment for possessing a firearm after having been convicted of a felony. The government drafted a proposed plea agreement and provided it to Grogans' counsel and later to the court. According to the agreement's provisions, the government would agree to recommend a sentence within the applicable guideline sentencing range, and Grogans would agree to forfeit his rights to appeal or collaterally attack his sentence. On May 11, 2011, however, Grogans pled guilty without a plea agreement:

>           THE COURT: Do I understand that Mr. Grogans intends to enter a
>           plea of guilty pursuant to a written plea agreement that he has
>           signed?
>           MS. BLACK: No, Your Honor.
>           THE COURT: It's not pursuant to a written plea agreement?
>           MS. BLACK: Correct.
>           THE COURT: All right. So the plea agreement that I was supplied
>           at some earlier stage was never formalized by the parties, I take it?
>           MS. BLACK: That is correct, Your Honor.

(ECF No. 45 at 2) Following a Rule 11 plea colloquy, the court found that Grogans' plea was a knowing and voluntary plea and accepted it.

After the preparation of a presentence report, on August 5, 2011, the court conducted a sentencing hearing. At the hearing, the court found that Grogans was an armed career criminal under 18 U.S.C. § 924(e) with a statutory sentencing range of 180 months to life and a guideline range of 180 to 210 months. The government argued for an upward variance in light of Grogans' extensive criminal history, (ECF No. 46 at 6-8), which included over 30 convictions and numerous probation violations.[1] (Id. at 10-14). The court then varied upward from the guideline range and sentenced Grogans to 300 months consecutive to any previous state sentence. (Id. at 14)

Grogans exhausted his appellate rights and then filed the present motion to vacate, arguing that, to his detriment, his counsel failed to convey the favorable plea offer the court had referenced at his guilty plea hearing. (ECF No. 51-1 at 21; 51-2 at 2) The court held an evidentiary hearing to resolve the matter. Grogans and his former counsel, Allegra Black, testified at the hearing.

Grogans testified that Black never informed him of any plea offer from the government

---

[1] Only three predicate offenses are required for a defendant to qualify as an armed career criminal. The court found that Grogans had seven. Only 13 criminal history points are needed to qualify as a category VI. Grogans had 34. In addition, Grogans had several other state charges for burglary and theft pending at the time of sentencing.

2

and only discovered its existence two years after he pled guilty. Despite this assertion, however, Grogans admitted that he heard the court mention a plea offer before his guilty plea. He explained that he did not speak up at that time because he chose to accept his counsel's advice, which was "to plead guilty without a plea agreement."

Black testified that she in fact informed Grogans of the plea offer. According to Black, while she never provided Grogans an actual copy of the "formalized" offer, she explained its essential provisions and her misgivings about it. Black advised Grogans that, in this case, she believed the disadvantages of accepting the offer outweighed the advantages. According to Black, the offer only required the government to make a nonbinding recommendation for a sentence within the applicable guideline range, and Black believed the court might vary upward in any event, though not to the extent that the court ultimately varied. Accordingly, Black believed it was more advantageous for Grogans to preserve his appellate rights in the event that he received an unfavorable sentence, and Grogans heeded that advice. (See also ECF No. 51-2 at 2)

II.

The court credits Black's testimony and finds that Grogans' testimony is not credible. Finding that counsel did convey the plea offer to Grogans by discussing its essential terms, the court concludes that the performance of Grogans' counsel was not deficient. See Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012) (holding that defense counsel has a duty to *communicate* to the accused formal offers that may be favorable to him or her). Because counsel's performance was not deficient, the court rejects Grogans' remaining ineffective assistance of counsel claim. Strickland v. Washington, 466 U.S. 668, 669, 697 (1984) (holding that a petitioner must show both deficient performance and prejudice to establish ineffective assistance of counsel, and a

and only discovered its existence two years after he pled guilty. Despite this assertion, however, Grogans admitted that he heard the court mention a plea offer before his guilty plea. He explained that he did not speak up at that time because he chose to accept his counsel's advice, which was "to plead guilty without a plea agreement."

Black testified that she in fact informed Grogans of the plea offer. According to Black, while she never provided Grogans an actual copy of the "formalized" offer, she explained its essential provisions and her misgivings about it. Black advised Grogans that, in this case, she believed the disadvantages of accepting the offer outweighed the advantages. According to Black, the offer only required the government to make a nonbinding recommendation for a sentence within the applicable guideline range, and Black believed the court might vary upward in any event, though not to the extent that the court ultimately varied. Accordingly, Black believed it was more advantageous for Grogans to preserve his appellate rights in the event that he received an unfavorable sentence, and Grogans heeded that advice. (See also ECF No. 51-2 at 2)

II.

The court credits Black's testimony and finds that Grogans' testimony is not credible. Finding that counsel did convey the plea offer to Grogans by discussing its essential terms, the court concludes that the performance of Grogans' counsel was not deficient. See Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012) (holding that defense counsel has a duty to *communicate* to the accused formal offers that may be favorable to him or her). Because counsel's performance was not deficient, the court rejects Grogans' remaining ineffective assistance of counsel claim. Strickland v. Washington, 466 U.S. 668, 669, 697 (1984) (holding that a petitioner must show both deficient performance and prejudice to establish ineffective assistance of counsel, and a

court need not address both prongs if a petitioner fails to make a sufficient showing on one). Accordingly, the court will deny Grogans' motion.[2]

### III.

For the foregoing reasons, the court denies Grogan's motion to vacate and grants the government's motion to dismiss.

**ENTER**: May 22, 2014.

UNITED STATES DISTRICT JUDGE

---

[2] During closing, Grogans' counsel suggested the government had opened the question of whether Black rendered ineffective by advising Grogans to reject the plea offer. This claim was not included in Grogans' § 2255 motion, nor could it have been without knocking out the factual underpinning of the claim that gained him an evidentiary hearing. Grogans cannot make inconsistent factual assertions by claiming, on the one hand, that Black rendered deficient performance by failing to convey a favorable plea offer while, on the other hand, arguing that she misadvised him to reject that very same offer—one about which he was allegedly unaware. Either the plea was conveyed and rejected or was not conveyed at all. The court also notes that Grogans has raised this new and distinct claim well over a year after his judgment became final. United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (denying § 2255 movant's motion to amend and add an ineffective assistance of counsel claim because it arose out of *different conduct* from his initial motion and thus did not relate back to the initial filing for statute of limitations purposes).